IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br><br> v. <br><br> **ALAN VAZQUE DE LOS SANTO,** <br> Defendant. | Criminal No. 20-407 (ADC) |

**REPORT AND RECOMMENDATION**
**ON RULE 11(b) CHANGE OF PLEA HEARING**

**I.      Procedural Background**

On December 2, 2020, Defendant Alan Vazque De Los Santo was charged by a Grand Jury in a three-count indictment. Defendant agrees to plead guilty to Count One of the Indictment.

Count One of the Indictment charges that, on or about November 7, 2020, from a place outside of the United States, including the Dominican Republic, and elsewhere, Alan Vazque De Los Santo and other co-defendants, knowingly and intentionally combined, conspired, confederated and agreed with each other and other persons, known and unknown, to import into the United States five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 952(a). All in violation of Title 21, United States Code, Section 963.

On November 16, 2021, Defendant moved for a change of plea. Docket No. 76. On January 12, 2022, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

USA v. Alan Vazque De Los Santo
Cr. No. 20-407 (ADC)
Report and Recommendation on Guilty Plea

## II.     Consent to Proceed Via Video Conference

Defendant was advised of his right to have the hearing under Rule 11 of the Federal Rules of Criminal Procedure in person and open court. However, he was also advised that, because of the national emergency caused by the COVID-19 pandemic, the hearing could not be held in person without seriously jeopardizing public health and safety. See *In re Corona Virus (COVID-19) Public Emergency Miscellaneous Order*, 3:20-mc-0088 (D.P.R. March 31, 2020) (implementing Coronavirus Aid, Relief and Economic Security Act, H.R. 748 ["CARES Act"], authorizing video conferencing under certain circumstances).

Per the above, during the proceeding, the Court, the prosecutor, defense counsel, the interpreter, and the courtroom deputy all appeared by video conference. Defendant was asked for his consent to proceed via video conference. Defendant expressed to have had the opportunity to discuss the matter with his attorney and consented to appearing via video conference. Defendant also consented by executing a *Waiver of Personal Appearance at the Change of Plea Hearing*. Docket No. 98. Defendant's image and voice were clear, and he could see and hear the Court and the attorneys. Defendant could also see the documents that were shared on the computer screen. Therefore, pursuant to the CARES Act, the plea hearing was held by video conference.

## III.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of his right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Docket No. 99. Defendant validated his signature and expressed that he understood the consequences of agreeing to proceed before a magistrate judge. Defendant expressed that he agreed to proceed before a magistrate judge. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

USA v. Alan Vazque De Los Santo
Cr. No. 20-407 (ADC)
Report and Recommendation on Guilty Plea

**IV.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

   **A. Competence to Enter a Guilty Plea**

The Court questioned Defendant about his age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's capacity to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

   **B. Plea Agreement**

Defendant was shown his plea agreement and he identified his initials and signatures in the plea agreement and the stipulation of facts incorporated to the plea agreement. He confirmed that he had the opportunity to read and discuss the plea agreement and plea agreement supplement with his attorney, that his attorney translated both the plea agreement and the plea agreement supplement before he signed the plea agreement, that the plea agreement represented the entirety of his understanding with the Government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. He also confirmed that he discussed the purpose of the plea agreement supplement with his attorney and that he

3

understood its terms. Counsel for the defense and counsel for the Government both acknowledged the content of the plea agreement supplement. Counsel for the Government described the essential elements of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting Defendant to withdraw his guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that he was aware that, if the District Judge did not follow the recommendations in the plea agreement, he would not be allowed to withdraw his plea of guilty solely because he received a sentence higher than expected.

### C. Voluntariness

Upon questioning, Defendant confirmed that no one made promises or assurances of any kind in exchange for his guilty plea. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offense to which he is pleading guilty is a felony and that, if the plea is accepted, he will be adjudged guilty of that offense, and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Importantly, Defendant was advised, and expressed to have understood that, because he is not a United States citizen, if accepted, his plea of guilty could result in negative immigration consequences, such as removal or deportation from the United States, denial of citizenship, and being barred from re-entry to the United States.

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his decision to plead guilty was made knowingly and voluntarily.

### D. Maximum Penalties

Upon questioning, Defendant expressed his understanding of the statutory maximum penalties for the offense to which he was pleading guilty. Count One of the Indictment carries a term of imprisonment of at least ten (10) years and not more than life pursuant to 21 U.S.C.§ 960(b)(1)(B), a fine not to exceed ten million dollars ($10,000,000) pursuant to 21 U.S.C. § 960(b)(1)(B), and a term of supervised release of at least five (5) years pursuant to 21 U.S.C. § 960(b)(1)(B). In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, <u>United States Code,</u> Section 3013(a). For purposes of the plea agreement, Defendant stipulated to be held accountable for conspiring to import into the United States at least fifty (50) kilograms but less than one hundred fifty (150) kilograms of cocaine. Defendant was advised that the penalties applicable to the stipulated amount are those applicable to Count One of the Indictment. Defendant indicated that he understood the maximum penalties applicable to Count One of the Indictment, that the offense charged is a felony, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full time of the term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the one object of the Indictment here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require him to forfeit certain property to the Government. And that his plea agreement contains a forfeiture provision stating that he agrees to waive any interests or claims over any property constituting, or derived from, proceeds obtained, from the violation of law alleged in the Indictment. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

USA v. Alan Vazque De Los Santo
Cr. No. 20-407 (ADC)
Report and Recommendation on Guilty Plea

### E. Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate expected by him or provided by his attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him to a term of imprisonment of 120 months or less. Defendant confirmed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### F. Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the witness, the right to issue subpoenas or to compel the attendance of witness to testify at trial, and the right to decline to testify and remain silent.

USA v. Alan Vazque De Los Santo
Cr. No. 20-407 (ADC)
Report and Recommendation on Guilty Plea

Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty. Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

### G. Offense Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the Indictment and was provided an explanation of technical terms used in the Indictment to describe the offense as charged. The Government also explained the elements of the offense and what the Government would have to prove if Defendant were to go to trial. Defendant expressed that he understood the charges.

The Government explained the factual basis for the offense and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offense charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Count One of the Indictment.

### V. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count One of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Alan Vazque De Los Santo**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charge and the maximum statutory penalties it carries, understands that the charge is supported by evidence and a basis in fact, and has pled guilty in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count One of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. Failure to file timely and

specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado Colón.**

In San Juan, Puerto Rico, this 18th day of January 2022.

                                             s/Giselle López-Soler
                                             GISELLE LÓPEZ-SOLER
                                             United States Magistrate Judge